### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                

**Timothy J. Smith,**                       :         Chapter 7

                                                 :

                                                 :         Case No. 22-13293 (PMM)

                                                 :

                                               :

          **Debtor.**                            :

### ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** on January 18, 2023, Santader Consumer USA Inc. dba Chrysler Capital filed a reaffirmation agreement (the "Reaffirmation Agreement"), doc. # 12, with the Debtor;

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreement;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, there being no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1);

It is hereby **ORDERED** that:

1. No hearing on reaffirmation is necessary. See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: 1/19/23

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**